Nilsa ORTIZ, John Peek, Annie Mae Revelle, Marcinda Jackson, and Denise Trader, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Thomas P. EICHLER, in his official capacity as Secretary of the Delaware Department of Health and Social Services, and Phyllis T. Hazel, in her official capacity as Director of the Department's Division of Economic Services, Defendants.

Civ. A. No. 84–16 MMS.

United States District Court, D. Delaware.

Aug. 16, 1985.

Anne M. Perillo, Community Legal Aid Soc., Inc., Wilmington, Del., for plaintiffs.

Richmond L. Williams, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendants.

## OPINION ON REARGUMENT

MURRAY M. SCHWARTZ, Chief Judge.

Plaintiffs have filed a timely motion for reargument of one issue raised in their motion for summary judgment: whether defendants' practice of admitting and considering hearsay evidence at administrative hearings violates plaintiffs' rights to confront and cross-examine adverse witnesses.

Relying on plaintiffs' concession that Rule 803 of the Delaware Rules of Evidence applies to DES hearings, the Court, 616 F.Supp. 1046, did not reach the question whether evidence admissible under Rule 803 is consistent with plaintiffs' rights to confront and cross-examine adverse witnesses.

Plaintiffs have placed in the record several cases in which the defendants accepted into evidence and considered written statements, adverse to claimants, of persons not present at the hearing. *See* Plaintiffs' Opening Brief In Support Of Their Motions For Class Certification And Summary Judgment at 33–35. Plaintiffs allege that their constitutional rights of confrontation and cross-examination are violated by defendants' practice of accepting written statements into the hearing record without also requiring the presence of the declarants at the hearing.

■ In order to avoid unnecessary constitutional adjudication, this Court must first consider whether defendants' practice violates the applicable federal regulations. *See Califano v. Yamasaki*, 442 U.S. 682, 692, 99 S.Ct. 2545, 2553, 61 L.Ed.2d 176 (1979); *Hagans v. Lavine*, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974). The regulations for all three programs at issue require that claimants be given adequate opportunity to "[q]uestion or refute any testimony or evidence, including an opportunity to confront and cross-examine adverse witnesses." 7 C.F.R. § 273.15(p)(5) (1985); *accord,* 7 C.F.R. § 273.16(e)(2)(ii) (1985); 42 C.F.R. § 431.242(e) (1984); 45 C.F.R. § 205.10(a)(13)(vi) (1984). In the sample cases cited by plaintiffs in their brief, the claimants had no opportunity to confront and cross-examine the authors of the written statements, because those authors were not present at the hearing and claimants had no way to compel them to attend.[1] It follows that

---

1. It is not clear from the available records whether the claimants in these sample cases objected to the introduction of the hearsay evidence or requested that the declarant be present at the hearing. Since confrontational objections are normally waived if a request to confront and cross-examine is not made at the

hearing, *cf. Richardson v. Perales,* 402 U.S. 389, 404, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971), the class would arguably be unable to raise this issue if no class member objected to the evidence. Given the number of hearings at issue and the unavailability of transcripts of those hearings, it is a safe assumption that in at least

defendants' practice violates plaintiffs' rights under the federal regulations cited above to confront and cross-examine adverse witnesses.[2]

A more difficult question is the proper scope of a remedy for this violation. It has been suggested that this Court enjoin defendants from admitting or considering hearsay evidence offered against claimants in hearings whenever the declarants are not present at the hearing. The vice complained of is not admission of hearsay per se, but rather the lack of opportunity to confront and cross-examine witnesses. Thus, the proposed remedy is overly broad. Some hearsay evidence may be offered by DES that does not violate plaintiffs' rights to confront and cross-examine. For example, the admission of testimony from a court proceeding to which a claimant was a party would not violate those rights, nor would the admission of statements by persons, such as DES staff, who could be available as witnesses upon request. In both of these scenarios, the evidence would be hearsay but admissible because the claimant would have an opportunity to confront and cross-examine.

The state has several methods by which it could bring itself into compliance with the regulations without imposing a flat ban on hearsay. The state could give DES the power to subpoena witnesses for hearings. DES had subpoena power at one time, but it was abrogated by the Delaware legislature in 1970. *See* 57 Del.Laws, Ch. 591 § 36 (1970) (repealing 31 *Del.C.* § 514 (1968 Supp.)). If the legislature returns the subpoena power to DES, most hearsay evidence could be admitted, because claimants would then have the power to compel confrontation with, and cross-examination of, hearsay declarants. Alternatively, the state could limit its use of the offending evidence to cases in which the declarant is available for cross-examination.

A final reason why a flat prohibition on hearsay is unwise is that it is more appropriate, given the language of the regulations, for the Hearing Officer to consider whether an adverse witness is available for confrontation and cross-examination than it is to determine whether a piece of evidence is hearsay. The definition of hearsay can be difficult to apply, and evidence which is not defined as hearsay in the rules may still require confrontation and cross-examination. *See, e.g.,* Del.R.Evid. 801(d)(2)(C). The Hearing Officer's focus on whether something is hearsay would deflect his or her attention from the more important issue of whether a claimant has had an opportunity to confront and cross-examine the declarant.

For these reasons, an injunction against the use of hearsay at DES hearings is inappropriate. Instead, DES will be ordered to comply with the applicable federal regulations and give claimants an opportunity to "[q]uestion or refute any testimony or evidence, including an opportunity to confront and cross-examine adverse witnesses." 7 C.F.R. § 273.15(p)(5) (1985). In many instances, failure to provide an opportunity to confront and cross-examine will bar the introduction and consideration of hearsay evidence. Given the number of hearings that will be held and the possibility for inadvertent errors, and absent a systemic ignoring of the regulations, the remedy for incorrect admission of evidence will not be in the federal courts. Instead, claimants have an adequate remedy by appealing to the state Superior Court, which is the appropriate forum to correct erroneous evidentiary rulings. Indeed, principles of comity and federalism indicate that claimants should use this state court remedy.

In sum, plaintiffs' motion for reargument will be granted. Plaintiffs' motion for summary judgment on the issue of the legality of defendants' practice of admitting and considering hearsay evidence without affording claimants an opportunity to

---

one hearing, a proper objection was made. More importantly, a request to compel the attendance of absent witnesses would have been a futile gesture, since DES has no subpoena power. *See* page 1068 *infra.*

**2.** Accordingly, the Court need not reach the question whether defendants' conduct violates plaintiffs' constitutional due process rights.

confront and cross-examine the hearsay de-clarants will be granted. Defendants will be enjoined from violating the relevant federal regulations.